## THE COLUMBIA.

### (Circuit Court of Appeals, Third Circuit.  November 10, 1914.)

#### No. 1874.

SHIPPING (§ 166*)—LIABILITY FOR INJURY TO PASSENGER—NEGLIGENCE OF MEMBER OF CREW.

A finding by the trial court that an injury to libelant, while a passenger on respondent steamboat, was caused by the negligence of a deck hand, in drawing a hawser across her foot and causing her to fall, while, in obedience to his orders, she was, with other passengers, passing into the cabin from the deck, where they had been rightfully sitting, *held* supported by the evidence.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 538–552; Dec. Dig. § 166.*]

Appeal from the District Court of the United States for the Eastern District of Pennsylvania; J. Whitaker Thompson, Judge.

Suit in admiralty by Mary E. Fries against the steamboat Columbia; the Delaware River Transportation Company, owner.  Decree for libelant, and the owner appeals.  Affirmed.

Gill & Linn, of Philadelphia, Pa., for appellant.

Andrew B. McGinnis, of Philadelphia, Pa., for appellee.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

BUFFINGTON, Circuit Judge.  In the court below Mary E. Fries, who had been injured while a passenger on the excursion steamer Columbia, filed a libel against that vessel, charging that such injury was caused by the negligence of certain of the vessel's crew.  The libel alleged that, while the vessel was nearing a landing:

"Certain deck hands, servants, agents, and employés of said steamboat Columbia, called to the libelant and a number of other passengers, who were lawfully sitting on chairs belonging to said steamboat outside of the cabin on the main deck of said steamboat, in a place where she was entitled to be, to move inside the cabin of said steamboat; that thereupon the libelant arose, and while moving toward the cabin door, and before she had an opportunity to get safely within the cabin, one of the aforesaid deck hands suddenly and violently pulled a hawser, which was lying upon the deck of said vessel, across the foot of the libelant, throwing her with great force and violence to the deck, and causing her to suffer a fracture and break of the thigh bone of her right leg, and severely injuring her about the body and also injuring her internally."

The answer admits libelant was lawfully sitting where she alleged, and that she was directed to move from there and go into the cabin, but denied:

"That any of its deck hands suddenly or violently, or otherwise, pulled a hawser which was lying on the deck of the vessel and across the foot of the libelant, throwing her with great force and violence to the deck, and causing her to suffer a fracture and break of the thigh bone of her right leg, or severely injuring her about the body, and also injuring her internally. It is informed and believes that from some cause to it unknown, but not connected with any act, matter, or thing done by its employés, or for which

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

said ship was responsible, the libelant stumbled and fell, thereby causing such injury as she may have suffered, whatever the same may be."

It will thus be seen the issue between the parties was one of fact. On that issue proofs were taken by both sides, and after hearing the trial judge filed an opinion wherein the evidence was discussed at length and wherein it was held:

"The conclusion from the evidence is that the libelant, through the permission of the respondent's employés, was prior to the accident in a position upon the deck where she had a right to be, that her injuries were caused by the negligence of the deck hand of the respondent in pulling the rope while the libelant was with due care proceeding under his orders from the deck to the cabin, and that there was no circumstance to establish contributory negligence on the part of the libelant."

In his opinion the judge fully discussed the evidence, the manner in which the injury to the libelant happened, the nature of her injury, and the consequent damage. From a decree awarding her damages for the injury sustained this appeal was taken.

It will thus be seen no question of law is here involved, and our province is simply to re-examine the questions of fact at issue. This we have done, and we concur in the conclusion reached. By adopting the opinion below as expressive of our own, we avoid a needless repetition of facts.

The decree is therefore affirmed, with costs here and below.